[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 14617
This is a summary process action in which the plaintiff seeks a judgment of possession for the premises known as 510 Thames Street, Apartment 2, in Groton, Connecticut.
On September 26, 2000 plaintiff served a notice quit upon the defendants Billy Cobble and Veronica Cobble non-payment of rent. In that notice he demanded that the defendants quit possession of the subject premises by October 2, 2000.
The plaintiff, who appeared pro se, subsequently filed a writ, summons and complaint, which was returned to this court on October 13, 2000.
The defendant Veronica Cobble filed a pro se appearance and an answer on October 13, 2000. The defendant, Billy Cobble, did not appear in this matter.
Trial was held on November 21, 2000 at Superior Court, G.A. 10 in New London. Both the plaintiff and the defendant Veronica Cobble appeared at trial pro se and testified.
The plaintiff entered into evidence a copy of his lease with the defendants (Plaintiff's Exhibit 1) and a listing of the unpaid rents and the fees which he has incurred in connection with this action (Plaintiff's Exhibit 2). The defendant entered into evidence a letter detailing problems which she claims she experienced with the rental unit (Defendant's Exhibit A). The court has carefully considered all of the evidence and testimony produced at trial.
Factual Findings
The plaintiff and the defendants entered into a written lease for the subject premises on August 18, 2000. Although the lease language indicates a one-year term of September 1, 2000 through August 31, 2001, the lease actually began on August 18, 2000 when the defendants took occupancy of the premises. On August 18th, the defendants paid the plaintiff a $700.00 security deposit and also promised to pay the first month's rent of $700.00 on August 24, 2000.
With the exception of the sum of $80.00 which the defendant Billy Cobble paid to the plaintiff on September 12, 2000 that first month's rent was never paid. As noted above, the plaintiff's notice to quit, which was signed on September 15, 2000, was personally served on Veronica Cobble and left at the usual place of abode of Billy Cobble on September CT Page 14618 26, 2000.
The defendant, Veronica Cobble, admitted at trial that the first month's rent had not been paid (the evidence at trial also established that rent for the subsequent months of October and November also has not been paid).
Ms. Cobble testified at trial that she is now separated from her husband Billy Cobble, has recently suffered health problems, and is experiencing financial difficulties.
Veronica Cobble alleged at trial that she had complained about physical conditions in the subject premises to local governmental agencies. However, the court notes that she did not plead the special defense of retaliatory eviction in her answer to the landlord's complaint, and she did not seek permission to pay rent into the court while she attempted to seek redress for those purported problems. Based on all of the evidence and testimony introduced at trial, the court does not find that the defendant proved by a preponderance of the evidence that the plaintiff engaged in a retaliatory eviction or that the subject premises were uninhabitable during the period in question.
Based on the totality of the testimony and evidence presented at trial, the court finds that non payment of rent as alleged in the plaintiff's complaint was proven by a preponderance of the evidence.
The court also enters a default judgment against the defendant, Billy Cobble, for failure to appear.
Accordingly, a judgment of possession in this matter may enter in favor of the plaintiff against both defendants.
Dated at New London, Connecticut this 28th day of November 2000
By the Court,
Dyer, J.